UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**WILLIAM THOMAS WINNETT II**                                                      **PLAINTIFF**

v.                                                           **CIVIL ACTION NO. 4:16CV-P122-JHM**

**OFFICER N. COBB**                                                                   **DEFENDANT**

### MEMORANDUM OPINION

Plaintiff filed a *pro se* action pursuant to 42 U.S.C. § 1983 (DN 1). He also filed a motion to proceed without prepayment of fees. The Court granted the motion to proceed without prepayment of fees by Order dated November 7, 2016. That Order was returned to the Court; it was marked "Return To Sender, Attempted-Not Known, Unable To Forward" (DN 6).

Upon filing the instant action, Plaintiff assumed the responsibility to keep this Court advised of his current address and to actively litigate his claims. *See* Local Rule 5.2(e) ("All pro se litigants must provide written notice of a change of residential address, and, if different, mailing address, to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions."). Because Plaintiff has not provided any notice of an address change to the Court, neither orders or notices from this Court nor filings by Defendant can be served on him.[1]

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the

---

[1] The records of the Western District of Kentucky reveal that Plaintiff has filed five other civil actions in this Court in recent months in which mail has been returned as undeliverable. *See* Civil Action Numbers 4:16-cv-143-JHM, 4:16-CV-164-JHM, 4:17-CV-5-JHM, 4:17-CV-8-JHM, 4:17-CV-10-JHM. Plaintiff has not provided a new address in any of these actions subsequent to the mail being returned.

district court to enter a *sua sponte* order of dismissal."). Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *Id.* at 110. "As this court has noted, the lenient treatment generally accorded to pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d at 110). "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Because Plaintiff has failed to provide an updated address to the Court and an Order sent to Plaintiff by this Court has been returned, the Court concludes that Plaintiff has failed to comply with Local Rule 5.2(e) and has abandoned any interest in prosecuting this action. Therefore, the Court will dismiss the action by separate Order.

Date: March 28, 2017

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendant
4414.003